W. G. MILLS, ET AL., *v.* W. H. CHELF.

**Sale of Real Estate—Rescission of Contract—Married Women.**

Where real estate is sold on a title bond to the husband and by his direction the bond was payable to the wife, the wife cannot by pleading that she was a married woman at the time procure a rescission, nor can the husband and others who signed the purchase money escape liability on account of said married woman's connection with the sale.

**Judgment on Note Not Due.**

Where a note at the time the amended petition was filed was not due and no supplemental petition was filed, showing that such note became due before judgment, no judgment can legally be rendered on the same.

APPEAL FROM MARION COUNTY COURT.

October 12, 1875.

OPINION BY JUDGE PETERS:

In December, 1871, appellee commenced his action in ordinary in the court below, against Mary M. Mills, W. G. Mills and F. Raley, on a note executed by them to him on the 26th of December, 1870, for two hundred dollars, and due on the 4th of April thereafter, with interest from date.

Mary M. Mills and W. G. Mills filed a joint answer, in which they allege that the note sued on, with three others, one for four hundred dollars due the 23d of December, 1871, one for five hundred dollars, due the 23d of December, 1872, and one for the last-named sum due the 23d of December, 1873, was executed by the said Mary M. Mills as principal on all of said notes, with her husband, the said W. G. Mills, and the said F. Raley as her sureties on the note for $200 due the 4th of April, 1871; that on the note for $400 due the 23d of December, 1871, her father, C. Sanders, and on the two notes for $500 each, her husband is her surety.

The notes were executed for the purchase price of a house and lot in Lebanon, purchased by Mrs. Mills from appellee, and for which he executed to her a title bond, which is filed as a part of the answer. They allege that at the date of said contract, Mrs. M. Mills was the wife of W. G. Mills, and rely upon the coverture to defeat the action as to her, as such action is prejudicial to her interests, and they pray for a rescission, and to that end they ask that the case may be transferred to a court of equity.

M. G. Mills and F. Raley say in their answer that they are only the sureties of Mrs. Mills on the note, and that if she is released from its payment, or the contract is rescinded as to her, they should also be discharged. A general demurrer was filed to the answer and sustained, and no further defense having been made, the cause was continued as to Mrs. Mills, and judgment rendered against W. G. Mills and Raley, from which they appealed to this court, and succeeded in reversing it.

Upon the return of the cause to the court below, the demurrer to the answer was overruled; and Chelf filed an amended petition, in which he alleges that on the 25th of December, 1870, William G. Mills contracted to purchase a certain house and lot from him in Lebanon, Ky., at the price of $1,600, and executed four notes

payable at the respective dates and for the several amounts herein before stated; that said Mills was then insolvent, and it was therefore agreed by them that $600, part of the purchase money, should be secured to him by personal surety, and in fulfilment of that agreement F. Raley signed the note for $200 as surety, and C. Sanders signed the note for $400 as surety, and the remaining two notes for $500 each were secured by a lien retained on the house and lot; and that the name of Mary M. Mills was signed to all of said notes at the instance of her husband, William G. Mills.

Chelf avers that the contract for the sale of the property was made with said William G. Mills for the benefit of his wife, but that said W. G. Mills took the notes and signed them himself, and procured the other obligors thereon to sign them, and he thereupon executed the title bond filed with the answer, binding himself to convey the property to Mrs. Mary M. Mills at the special instance and request of her husband.

He alleges that he has a good title to the property, tenders a deed with covenant of general warranty, acknowledged before the proper officer, with the relinquishment of the potential right of dower of his wife, and sets forth his derivation of title.

William G. Mills, in his answer to the amended petition, denies that he made the purchase of the house and lot, and denies that he applied to, or procured Raley & Sanders, or either of them, to sign said notes as his surety, or in any other capacity. He alleges that his wife made said purchase against his wishes and solicitations; that if he made any communications to the plaintiff on the subject of said purchase, it was as the agent of his wife, and not for himself; that he may have made some communications to plaintiff on the subject, but that they were made as the agent of his wife, which was well known to plaintiff; and he alleges that his wife procured Raley and Sanders to sign the notes as her sureties, and that he signed all of said notes as her surety also, for the reason that it was necessary to make them binding on his wife. He filed three letters addressed by Chelf to him as a part of his answer, to show that Chelf regarded his wife as the purchaser of his property, and prays that he shall not be held bound by the contract, if it shall be adjudged that it is not obligatory on his wife on account of her coverture; and to obtain relief he makes his answer a cross-petition.

Sanders, in his answer, admits he executed the note for $400, and says that he signed it solely as the surety of Mary M. Mills, and by her request, and not at the request of her husband, M. G. Mills. He

denies that W. G. Mills purchased said house and lot, but affirms that the same were purchased by Mary M. Mills, and that she having made the purchase, he executed a bond to her for the title. He made his answer a cross-petition against Mrs. Mills and Chelf, and prays that if Mrs. Mills relies on her coverture, and the contract cannot be enforced against her on that account, he may be discharged from liability as her surety.

Mrs. Mills, in her answer to Chelf's amended petition and to the cross-petition of her husband and Raley and Sanders, avers that she purchased said property against the wishes and over the objections of her husband, and that it was at her solicitations that Sanders and Raley signed the notes to which their names severally appear as sureties for her, and not for her husband. She denies that the plaintiff had ever tendered a deed to her, and pleads her coverture as a bar to any recovery against her.

Raley's answer is the same in substance as that of Sanders. The plaintiff below put in a reply to the several cross-petitions, which we deem unnecessary, and is a mere elaboration of his amended petition.

On final hearing the petition as to Mrs. Mills was dismissed at appellee's costs, and judgment was rendered in favor of appellee against M. G. Mills and F. Raley for two hundred dollars, with interest at the rate of six per centum per annum from the 25th of December, 1870, till paid, and against said M. G. Mills and C. Sanders for four hundred dollars, with interest thereon at the rate of six per centum per annum from the last-named day till paid, and his costs, and in favor of appellee against William G. Mills, for the sum of $500, with interest from said last-named day till paid; and it was adjudged that appellee has a lien on the house and lot for the amount of the last-named note, and also for a note for a like sum due on the 25th of December, 1873, with interest from the 26th of December, 1870, till paid, which was not due when the amended petition was filed, but which was then due.

It was, therefore, further adjudged that said house and lot, a particular description of which was given, be sold at public outcry at the courthouse door in Lebanon, Ky., on the first day of a county or circuit court for said county, on credit of six, twelve and eighteen months, or enough thereof to pay the sum of $1,600, with the costs of appellee and Sanders and Raley. Proper and specific directions are given the master, who is directed to make the sale, as to the manner the same was to be advertised, and to whom the bonds for

the purchase money were to be taken, which were to bear interest from date.

From that judgment W. G. Mills, Raley and Sanders have appealed. In the opinion delivered by this court, when the case was here on the former appeal, it is said if the husband should make a contract jointly with the wife, and agree that the deed should be made to the latter, the contract could then, doubtless, be enforced against the husband, or if the present contract were made at the instance of the husband for the benefit of the wife, it may be that the contract would be regarded as that of the husband, and a chancellor would enforce it. Whether the husband can bind himself as the surety of the wife was not then necessary to decide. But the judgment was reversed, and the cause sent back with directions to the court below to overrule the demurrer to the answers, to transfer it to the equity docket, and to allow amended pleadings.

Appellee, in his deposition, admits the writing of the letters to W. G. Mills filed by him with his answer, but says he never saw Mrs. Mills, or spoke to her on the subject of the sale of the house and lot; that he had several conversations with William G. Mills on the subject of the sale, in which he spoke of the attachment of his wife to the property; that finally he met with said Mills in Lebanon, when the terms of sale were agreed upon between them, and Mills then said he wanted the bond for title made to his wife, and wanted the deed made to her; that it was a part of the agreement that for $600 of the purchase money he was to have two notes, one for $200 and one for $400, executed with good personal security; that said Mills told him he would pay him for the property out of the proceeds of his livery stable, which he was at the time keeping with one Doyle; and he proves that he contracted for the sale of his property with William G. Mills with the assurance from him that he was to pay for it, and gave his within obligation to make the conveyance to the wife by the request of Mills.

These statements are uncontradicted by any evidence in the case. Mills could not have acted as the agent of his wife; there is no effort to prove that he acted in that capacity in making the purchase; and it is not proved, nor even alleged, that Mrs. Mills had any means whatever to pay for the property. The conclusion cannot be resisted that William G. Mills made the contract with appellee for the purchase of the property, and for some reason not material to the merits of this controversy, intended to have the title conveyed to his wife; and the court below properly adjudged that as between Wil-

liam G. Mills and appellee, it should be enforced, and the notes signed by Raley and Sanders respectively were obligatory on them.

But we cannot approve the judgment as rendered. The note for $500, which matured on the 25th of December, 1873, was not due when the amended petition was filed on the 18th of June, 1873. No amendment nor supplemental petition has been filed since the last named period, and consequently there is no allegation that said note was not paid. When said amendment was filed appellee had no cause of action on that note, and since then, from anything that appears, it may have been paid. The mere filing of a writing evidencing a debt will not authorize a judgment on it. It must be alleged that there is a debt due and unpaid, and the facts stated showing the indebtedness. That is not done in this case; and indeed the allegations are scarcely sufficient to authorize a judgment on the note for $400 and the one for $500 due the 25th of December, 1872. For the error herein suggested (none other being perceived prejudicial to appellants) the judgment is *reversed,* and the cause is remanded with directions to permit appellee to amend his petition, and for further proceedings consistent herewith.

*C. S. Hill, J. W. Rodman, for appellants.*
*A. J. James, W. H. Chelf, for appellee.*